Filed 2/11/26  P. v. Rash CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE, | C101759 |
| Plaintiff and Respondent, | (Super. Ct. No. 22CF05782) |
| v. | |
| RYAN SCOTT RASH, | |
| Defendant and Appellant. | |

Defendant Ryan Scott Rash contends the trial court prejudicially erred when it sentenced him to an upper term sentence without affording him a jury trial on aggravating factors.  We agree and will remand this matter for resentencing.

BACKGROUND

In November 2022, a City of Chico police officer attempted to pull over Rash for expired vehicle registration.  Rash continued driving through stop signs and red lights, in addition to committing other Vehicle Code violations, until he struck a metal pylon or

1

bollard. The vehicle went airborne and eventually slid into the front yard of a nearby home, taking out a fence and uprooting a tree.

Rash was charged in case No. 22CF05782 (case No. 782) with felony evading an officer (Veh. Code, § 2800.2, subd. (a); count 1), and felony vandalism (Pen. Code, § 594,[1] subd. (a); count 2). The information also alleged that Rash had a prior strike (§§ 667, subds. (b)-(j), 1170.12) and was on bail at the time of the current offenses (§ 12022.1). The information did not allege any aggravating factors.

The same day, Rash was charged in case No. 22CF05051 (case No. 051) with felony failure to appear while on bail (§ 1320.5; count 1). This information also alleged that Rash had a prior strike (§§ 667, subds. (b)-(j), 1170.12) and was on bail at the time of the current offense (§ 12022.1).

After Rash waived his right to a jury trial and the court struck the on-bail enhancement in case No. 782, the trial court found him guilty of both the felony evasion and vandalism counts and found the prior strike allegation to be true.

Rash entered a plea of no contest in case No. 051, as well as a misdemeanor violation in a third case, case No. 23CF03169 (case No. 169), for resisting an executive officer while in custody (§ 69, subd. (a)).[2] As part of the plea, the prior strike and on-bail enhancement allegations were dismissed in case No. 051.

The probation department filed a combined report for all three cases. The report noted, among other things, that Rash had two prior misdemeanor drug cases that had been dismissed with a *Harvey*[3] waiver, both of which occurred when he was on postrelease community supervision (PRCS). The report summarized Rash's extensive criminal

---

[1] Undesignated statutory references are to the Penal Code.

[2] Rash did not appeal the judgments in case No. 051 or case No. 169.

[3] *People v. Harvey* (1979) 25 Cal.3d 754.

2

history but noted that as of the date of the report, a certified record of conviction had not been received.

The report found as factors in aggravation:  (1) Rash's prior convictions were numerous or of increasing seriousness, as he had five prior felony and five prior misdemeanor convictions; (2) he had served five prior prison terms; (3) he was on postrelease community supervision at the time of the offenses; and (4) his performance on supervision was unsatisfactory, as he had violated supervision seven times.  The report noted no circumstances in mitigation.  The probation department recommended an upper term sentence of six years on the evasion count; one year four months (one-third the middle term) on the vandalism count; eight months (one-third the middle term) on the failure to appear count; and one year running concurrently on the resisting an executive officer count.

Before sentencing, Rash filed a statement in mitigation and a *Romero*[4] motion to strike his prior strike conviction in case No. 051.  Rash discussed his difficult upbringing and issues with drugs and alcohol and argued the facts of the case were not severe or egregious such that a middle term sentence was appropriate, notwithstanding his long criminal history.  The People opposed Rash's *Romero* motion and requested the maximum sentence, arguing he was a recidivist with no remorse for his crimes and a history of violating probation.

The trial court denied Rash's *Romero* motion, finding he "fit squarely within the Three Strikes law because of his criminal history.  He is a repeat offender.  He has been in and out of custody as an adult since 2006.  Throughout the timespan, he's been given opportunities at probation, and when he's been released on supervision grants, such as PRCS, he has repeatedly violated."  (Some capitalization omitted.)  The court also found

---

[4] *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497.

him statutorily ineligible for probation, and noted that even if he was eligible, it would deny probation "based on his prior record of criminal conduct indicating a pattern of regular criminal conduct and his prior performance on supervised release has been unsuccessful." (Some capitalization omitted.)

The court noted Rash "did not stipulate to the existence of aggravating factors, nor did a jury find aggravating factors to be true. Nonetheless, the court does find that the factors [in] aggravation outweigh the factors in mitigation.

"The court takes judicial notice of its own case files. In case numbers 18CF00409 and CM042093, he was convicted of felony offenses in both of those cases. He served prior prison terms in those cases. He was on PRCS at the time of the events in these cases and his prior performance on PRCS has been unsatisfactory." (Some capitalization omitted.)

The court sentenced Rash on all three cases to an aggregate term of eight years, consisting of the upper term of six years on the evasion count and one year four months (one-third the middle term) on the vandalism count in case No. 782; eight months (one-third the middle term) for failure to appear in case No. 051; and one year, to run concurrently, for resisting an executive officer in case No. 169. Rash timely appealed in case No. 782.

DISCUSSION

Rash argues the trial court failed to comply with the constitutional and statutory limitations applicable to the imposition of upper term sentences. The People agree that the trial court erred in imposing the upper term without an admission or waiver of the right to a jury trial but argue that the error was harmless.

Section 1170, subdivision (b)(2) provides that, in selecting a term of imprisonment, a trial court "may impose a sentence exceeding the middle term only when there are circumstances in aggravation of the crime that justify the imposition of a term of imprisonment exceeding the middle term and the facts underlying those circumstances

4

have been stipulated to by the defendant or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial." Notwithstanding this rule, a "court may consider the defendant's prior convictions in determining sentencing based on a certified record of conviction without submitting the prior convictions to a jury." (§ 1170, subd. (b)(3).)

"[W]ith the exception of prior conviction allegations, 'under the Sixth Amendment, any fact that exposes a defendant to a greater potential sentence must be found by a jury' and 'established beyond a reasonable doubt.' " (*People v. Lynch* (2024) 16 Cal.5th 730, 747 (*Lynch*), citing *Cunningham v. California* (2007) 549 U.S. 270, 281.) In *Lynch*, the California Supreme Court explained that, under section 1170, subdivision (b), "a Sixth Amendment violation occurs when the trial court relies on unproven aggravating facts to impose an upper term sentence, even if some other aggravating facts relied on have been properly established." (*Lynch*, at p. 768.)

In *Erlinger v. United States* (2024) 602 U.S. 821, the United States Supreme Court rejected the argument that the prior conviction exception to the Sixth Amendment "permits a judge to find perhaps any fact related to a defendant's past offenses." (*Id*. at p. 837.) Rather, "a judge may 'do no more, consistent with the Sixth Amendment, than determine what crime, with what elements, the defendant was convicted of.' " (*Id*. at p. 838.)

The California Supreme Court applied *Erlinger* to California's determinate sentencing scheme in *People v. Wiley* (2025) 17 Cal.5th 1069 (*Wiley*). In *Wiley*, the California Supreme Court overruled previous decisions finding it constitutionally permissible for a trial court to determine whether a defendant's crimes were of increasing seriousness or whether the defendant's performance on probation was unsatisfactory. (*Id*. at pp. 1076, 1084-1085 [expressly overruling *People v. Towne* (2008) 44 Cal.4th 63 & *People v. Black* (2007) 41 Cal.4th 799].) A trial court's determination of those

5

aggravating factors without the defendant's consent violated section 1170, subdivision (b)(2).  (*Wiley*, at pp. 1085-1086.)

A trial court's reliance on aggravating circumstances not found in accordance with the jury trial requirement is "prejudicial unless an appellate court can conclude beyond a reasonable doubt that a jury would have found true all of the aggravating facts relied upon by the trial court to justify an upper term sentence, or that those facts were otherwise proved true in compliance with the current statutory requirements.  If the reviewing court cannot so determine, applying the *Chapman* [*v. California* (1967) 386 U.S. 18] standard of review, the defendant is entitled to a remand for resentencing." (*Lynch*, *supra*, 16 Cal.5th at p. 768.)  When assessing prejudice under *Chapman*, the proper inquiry is " 'whether any rational fact finder could have come to the *opposite* conclusion.' " (*Wiley*, *supra*, 17 Cal.5th at p. 1090.)

Here, the trial court relied on its own files to find that Rash had two prior felony convictions for which he served prison sentences, and found that his performance on supervision had been unsatisfactory.  The California Supreme Court has cautioned against attempting to determine whether a jury would have found true aggravating circumstances that require " ' "an imprecise quantitative or comparative evaluation of the facts." ' " (*Lynch*, *supra*, 16 Cal.5th at pp. 775-776.)  " 'The reviewing court cannot assume that the record reflects all of the evidence that would have been presented to the jury, or that the defendant had the same incentive and opportunity at a sentencing hearing to contest the aggravating circumstance. . . .  "[T]o the extent a potential aggravating circumstance . . . rests on a somewhat vague or subjective standard, it may be difficult for a reviewing court to conclude with confidence that, had the issue been submitted to the jury, the jury would have assessed the facts in the same manner as did the trial court." ' " (*Id*. at p. 775.)

Bearing this guidance in mind, we decline to conclude, beyond a reasonable doubt, that a jury would have found true that Rash's performance on supervision was unsatisfactory. While it appears that Rash has violated the terms of his supervision multiple times, the record has not been fully developed regarding his various terms of supervision, and we cannot "discount the possibility that either counsel in a contested jury trial might have presented live testimony on this factor that would have affected the jury's determination." (See *Wiley*, *supra*, 17 Cal.5th at p. 1091.) Nor can we "discount the possibility that a rational jury could have disagreed as to whether the People had proved that [Rash's] overall performance on probation was unsatisfactory." (See *ibid*., italics omitted; see also *Lynch*, *supra*, 16 Cal.5th at p. 742-743 [even if there was no error as to some aggravating factors, remand is required unless it is certain the jury would have sustained all the circumstances].)

Because the trial court's reliance on the improperly found aggravating circumstances was not harmless beyond a reasonable doubt, we will vacate Rash's sentence and remand the matter. "Further proceedings on remand are to be conducted in accordance with the current statutory requirements and the defendant given the opportunity for the jury trial, of which he was deprived." (*Lynch*, *supra*, 16 Cal.5th at p. 777.) "On remand, the parties remain free to introduce at trial all relevant evidence to support or contest the factual support for the aggravating circumstances set out in the California Rules of Court. The court may rely on any properly proven aggravating facts, including prior convictions or facts necessarily found by the jury to support a verdict on underlying counts and enhancements. The court retains its discretion to impose an upper term sentence if it concludes that one or more properly proved circumstances justify such

7

a sentence. (§ 1170[, subd. ](b)(2).) If it cannot so conclude, it may impose no more than a middle term." (*Id*. at pp. 777-778.)[5]

DISPOSITION

Rash's sentence in case No. 22CF05782 is vacated, and the matter is remanded for a full resentencing hearing. As Rash did not appeal his sentences in case Nos. 22CF05051 and 23CF03169, we do not vacate those sentences.


/s/
BOULWARE EURIE, J.


We concur:


/s/
ROBIE, Acting P. J.


/s/
RENNER, J.

---

[5] Because there will be a full resentencing on remand, we do not address Rash's arguments regarding the other aggravating circumstances found by the trial court, nor do we address Rash's claim that his trial counsel was ineffective for failing to object to the trial court's findings of factors in aggravation.